**Nikita PETTIES, et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA, et al., Defendants.**

**No. Civ.A.95–0148(PLF).**

United States District Court, District of Columbia.

Feb. 6, 2002.

James Feldesman, Tanya Ann Harvey, Khatereh S. Ghiladi, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Beth Goodman, Goodman & Johnson, Washington, DC, Patricia Anne Milleriox, Elizabeth A. Greczek, Jesse D. Stein, Washington, DC, Kelly R. Bagby, Washington, DC, David Patrick Sheldon, WAshington, DC, David Patrick Sheldon, Washington, DC, for Plaintiffs.

Barbara A. Miller, Birch, Horton, Bittner & Cherot, Washington, DC, Maria Claudia Amato, Jack M. Simmons, III, Grace Perry–Gaiter, Robert C. Utiger, Melvin W. Bolden, Jr., Jonathan F. Potter, Office of Corporation Counsel, D.C., Washington, DC, Cathye Hopkins, DCPS General Counsel, Washington, DC, Daniel A. Rezneck, Office of Corporation Counsel, D.C., Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for Defendants.

Elise T. Baach, Washington, DC, Special Master.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

The Court has before it plaintiffs' motion for a sixty-day extension of the transportation administrator position and plaintiffs' emergency request for preservation of the *status quo* pending resolution of plaintiffs' motion for an extension, defendants' opposition and plaintiffs' reply. Upon consideration of the arguments of the parties, the Court denies plaintiffs' motion for a sixty-day extension.

The position of transportation administrator was created by a consent order of August 7, 2000. The consent order set forth the procedures for selecting the administrator, the administrator's duties and function, and the authority given to the administrator. It also made clear that the administrator's term was limited in duration, although it could be extended with the further consent of the parties. The consent order provided in pertinent part:

> The administrator's position shall be maintained at least through the end of the 2001 summer school. No later than June 1, 2001, defendants shall confer with plaintiffs regarding the status of maintaining, modifying or eliminating the administrator's position. The parties shall attempt to reach agreement as to whether the administrator's position continues to be necessary to achieve or sustain compliance with the requirements of this Order, the Exit Plan and underlying Court Orders in this case. If the parties fail to reach an agreement on this issue, plaintiffs reserve their right to seek relief from the Court before the position is modified or terminated.

Consent Order of August 7, 2000 at 3, ¶ 4. Before the administrator's term expired at the end of summer school 2001, the parties filed a consent motion seeking, among other things, an extension of his term. The second consent order issued by the Court provided that:

> the Transportation Administrator position be extended for up to five (5) months beyond August 31, 2001 (i.e., up to January 31, 2002), subject to joint review by the parties every sixty (60) days, beginning no later than October 30, 2001, to re-examine the need for continuation of the Transportation Administrator position.

Consent Order of July 10, 2001 at 3.

Plaintiffs now seek the Court's intervention. They explain that they had reached an agreement with defendants to extend the administrator's term for an additional sixty days past January 31, 2002, but that only two days before the expiration of the administrator's term, defendants withdrew

from their agreement. Defendants do not contest this fact. Plaintiffs therefore filed a motion for an extension on January 29, 2002, seeking a court order maintaining the position of transportation administrator for another sixty days.

The Court is troubled by the fact that an agreement apparently was reached to extend the term of the administrator and then subsequently withdrawn at the eleventh hour. The creation of the position in the first place demonstrates the type of cooperation needed to resolve this case and, more importantly, to create a transportation system that provides the plaintiff class with the services to which it is entitled. Although there is still work to be done, the efforts of the transportation administrator and the cooperation of the parties have helped to alleviate some of the most serious problems that once existed and hopefully have put defendants in a position to run its transportation system in compliance with the law. It is the Court's hope that the parties will continue to work together to resolve the remaining issues.

Plaintiffs contend that a court order extending the transportation administrator's term is the best way to achieve these goals and to protect the plaintiff class. Although the August 7, 2000, consent order gives plaintiffs the right to seek relief from the Court before the administrator position is terminated, it does not give the Court authority to extend the administrator's term in the absence of defendants' consent. The administrator position was created through the consent of the parties, and his term was extended for an additional five months through their further agree-ment. Defendants now have made clear that they do not think that an administrator is necessary and do not consent to an extension of his term. Thus, even if the Court were to conclude that defendants acted improperly or unwisely in withdrawing from an agreement they had reached, in failing to participate in the joint review contemplated by the July 10, 2001 order, or even in terminating the administrator's position, the Court cannot require defendants to maintain a position that would not exist but for their agreement with plaintiffs.[1]

The failure of the parties to confer prior to the expiration of the administrator's term on January 31, 2002, is certainly troublesome but does not give the Court authority to act. The joint review provision in the July 10, 2001 order is not a requirement that must be met before the administrator position is terminated. Rather, the consent order sets forth a fixed expiration date and instructs the parties to confer to determine whether there is a continuing need for the position. Although the Court is disappointed that defendants apparently did not confer with plaintiffs prior to January 31, 2002, the fact remains that defendants have not consented to the extension of the administrator's term and the Court therefore lacks the authority to act.

Finally, plaintiffs argue that the interests of the class will be harmed by the termination of the administrator position. The consent orders, however, never contemplated that the administrator would be a permanent position and, at some time,

---

1. If defendants' position really is, however, that they withdrew from the agreement because of the Special Master's stated position and because she is "an arm of the Court," Defendants' Motion of Points and Authorities in Opposition to Plaintiffs' Motion for a Sixty Day Extension of the Transportation Adminis- trator Position, Declaration of Daniel A. Rezneck ¶ 11, their position is based on a faulty premise. The Court would certainly be amenable to signing a consent order if one were agreed to and any suggestion that it has a view on the merits of extending the administrator's term is ill-conceived.

defendants would need to provide adequate transportation services without the benefit of such an administrator. Defendants have decided that sufficient progress has been made to justify termination of the administrator. Whatever the wisdom of defendants' actions, it is not the Court's role to intercede. Of course, until defendants fully comply with their statutory obligations and the orders of this Court, the Exit Plan will not be satisfied and this case will continue. The Court is confident that plaintiffs will monitor closely the transportation situation and will seek redress in this Court if defendants fail to comply with their obligations under the law. Despite plaintiffs' concerns, however, the Court concludes that it cannot require defendants to retain the transportation administrator without their continued consent. Accordingly, it is hereby

ORDERED that plaintiffs' motion for a sixty-day extension of the transportation administrator position is DENIED; and it is

FURTHER ORDERED that plaintiffs' emergency request for the preservation of the *status quo* pending resolution of the plaintiffs' motion for a sixty-day extension of the transportation administrator position is DENIED as moot.

SO ORDERED.